Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | CASE NO. CR13-5525BHS |
|---|---|
| Plaintiff | |
| v. | MEMORANDUM OF LAW REGARDING EX PARTE NATURE OF APPLICATION UNDER THE ALL WRITS ACT |
| DAVID MICHAEL NAVARRO, | |
| Defendant. | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Marci L. Ellsworth, Assistant United States Attorney, files this memorandum of law regarding the *ex parte* nature of its previously-filed Application under the All Writs Act (hereinafter "the government's Application"). For the following reasons, the government's Application was properly filed *ex parte*.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Penn. Bureau of Correction v. USMS*, 474 U.S. 34, 43 (1985). The All Writs Act serves as a "legislatively approved source of procedural instruments designed to achieve the rational ends of law." *Harris v. Nelson*, 394 U.S. 286, 299 (1969) (internal quotations omitted). "The power conferred by

MEMORANDUM OF LAW REGARDING EX PARTE
NATURE OF APPLICATION UNDER ALL WRITS ACT - 1
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  the Act extends, under appropriate circumstances, to persons who, though not parties to
2  the original action or engaged in wrongdoing, are in a position to frustrate the
3  implementation of a court order or the proper administration of justice… and
4  encompasses even those who have not taken any affirmative action to hinder justice."
5  *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (holding that the All Writs
6  Act permitted district courts to order a telephone company to effectuate a search warrant
7  by installing a pen register).
8       The government's Application in the instant case is similar to the order requested
9  by the government in *New York Tel. Co.* inasmuch as the government seeks the Court's
10 assistance in effectuating the implementation of search warrants.  Specifically, the
11 government's Application requests issuance of an order under the All Writs Act to
12 effectuate fully the search warrants issued by Magistrate Judge Karen L. Strombom on
13 August 23 (for Defendant's residence) and August 29 (for the contents of Defendant's
14 work lockers), respectively.  Both of those search warrants were issued, pursuant to
15 Federal Rule of Criminal Procedure 41(b)(1), upon Magistrate Judge Strombom's
16 determination that there was probable cause to search the particular locations for the
17 enumerated items.  Both of those search warrants were presented to Magistrate Judge
18 Strombom *ex parte*, and it is undisputed that Defendant has no opportunity to challenge
19 the search warrants *ex ante*.  See *Franks v. Delaware*, 438 U.S. 154, 169 (1978) ("The
20 pre-search proceeding is necessarily *ex parte*, since the subject of the search cannot be
21 tipped off to the application for a warrant lest he destroy or remove evidence."); *Marshall
22 v. Barlow's Inc.*, 436 U.S. 307, 316 (1978) (search warrants are issued without prior
23 notice to preserve the advantage of surprise); *Zurcher v. Stanford Daily*, 436 U.S. 547,
24 567 (1970) (declining to "reinterpret the [Fourth] Amendment to … demand prior notice
25 and hearing in connection with the issuance of search warrants").  An individual whose
26 property is the subject of a search warrant may only challenge the search warrant *after*
27 they have been issued and executed, through motions to return property or suppress
28 evidence.  Fed. R. Crim. Pro. 41(g)-(h).  There is no provision for challenging a search

MEMORANDUM OF LAW REGARDING EX PARTE
NATURE OF APPLICATION UNDER ALL WRITS ACT - 2
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

warrant prior to its issuance and execution, and no provision requiring notice to the subject of the search warrant of the government's intent to apply for the warrant. Again, as the Supreme Court noted, the pre-search process is "necessarily *ex parte.*" *Franks*, 438 U.S. at 169.

The same reasoning applies here. The government's *ex parte* Application to this Court under the All Writs Act is substantially similar to the *ex parte* presentation of an application for a search warrant. Defendant is not entitled to notice of the government's intent to apply for a search warrant, nor is he entitled to notice of the government's intent to serve the search warrant, "lest he destroy or remove evidence" before the warrant is issued and executed. Search warrants are by necessity filed *ex parte*. Likewise, Defendant should not be notified of the government's Application under the All Writs Act inasmuch as he could still seek to destroy evidence before the requested order is issued and served upon the third party, and before the third party complies with the requested order. Therefore, as is the case with a search warrant, the government's Application is by necessity filed *ex parte*. Moreover, as is the case with an application for a search warrant, if Defendant chooses to contest the legal process used by the government—here, the government's Application—the proper time to do so is *after* the

//

//

//

MEMORANDUM OF LAW REGARDING EX PARTE
NATURE OF APPLICATION UNDER ALL WRITS ACT - 3
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 order has been issued and *after* any evidence obtained through the order has been
2 presented, not before.
3    For all the foregoing reasons, the government's Application was properly filed *ex*
4 *parte*.
5    DATED this 17th day of October, 2013.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/Marci L. Ellsworth*
MARCI L. ELLSWORTH
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Ave., Suite 700
Tacoma, Washington 98402
Phone:  (253) 428-3800

MEMORANDUM OF LAW REGARDING EX PARTE
NATURE OF APPLICATION UNDER ALL WRITS ACT - 4
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the defendant's attorney of record and CM/ECF participants.

s/ *Lisa Crabtree*
LISA CRABTREE
Legal Assistant
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone: (253) 428-3813
Email: lisa.crabtree@usdoj.gov

MEMORANDUM OF LAW REGARDING EX PARTE
NATURE OF APPLICATION UNDER ALL WRITS ACT - 5
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800